# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DRIFTAGE, LLC D/B/A POP'S SUNSET
GRILL & POP'S CIRCUIT, LLC,

      Plaintiffs,

v.

                             Case No. 8:23-CV-00260-SDM-CPT

MCGRIFF INSURANCE SERVICES, INC.,

      Defendants.

_____/

## SECOND AMENDED COMPLAINT

**COMES NOW**, Plaintiffs DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL and POP'S CIRCUIT, LLC, by and through their undersigned counsel, for their SECOND AMENDED COMPLAINT, and sue Defendant McGRIFF INSURANCE SERVICES, LLC, a North Carolina Limited Liability Company f/k/a McGRIFF INSURANCE SERVICES, INC., a North Carolina Profit Corporation licensed to do business in Florida, and states as follows:

## PARTIES

1.     At all times material hereto, Plaintiffs DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL and POP'S CIRCUIT, LLC, were Florida Limited Liability Companies doing business in the State of Florida and Sarasota County.

2.      Plaintiff DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL operates a large-scale waterfront indoor/outdoor bar and restaurant in Nokomis, Florida.

3.      POP'S CIRCUIT, LLC is the landowner for Pop's Sunset Grill. DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL is owned 74.01% by Farrell Family Holdings, LLC and the Farrell Spousal Trust; 14.4% by the John Tebaldi Trust; and 11.59% by Jon Stein, LLC. Farrell Family Holdings, LLC and the Farrell Spousal Trust are wholly owned by Mr. & Mrs. Joseph Farrell of Florida. The John Tebaldi Trust is owned by John and Rosemary Tebaldi of California. Jon Stein LLC is wholly owned by John Stein of Colorado.

4.      POP'S CIRCUIT, LLC, landowner, is wholly owned by Farrell Family Holdings, LLC. Plaintiffs DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL and POP'S CIRCUIT, LLC will collectively be referred to as "Plaintiffs or "Pop' Sunset Grill."

5.      Prior to December 31, 2022, McGRIFF INSURANCE SERVICES, INC. was a North Carolina Profit Corporation doing business in the State of Florida and Sarasota County. On December 31, 2022, McGRIFF INSURANCE SERVICES, INC. was reorganized into a new, separate legal entity named McGRIFF INSURANCE SERVICES, LLC, a North Carolina Limited Liability Company. McGriff Insurance Services, LLC, a North Carolina Limited Liability Company, is a successor in interest to Defendant McGriff Insurance Services, Inc., a North Carolina

Corporation. Defendant McGRIFF INSURANCE SERVICES, LLC, a North Carolina Limited Liability Company f/k/a McGRIFF INSURANCE SERVICES, INC., a North Carolina Profit Corporation will collectively be referred to as "Defendant" or "McGriff."

6.    On information and belief, each of the members of McGriff are residents of North Carolina, with none of McGriff's members being from the same states as any of ownership interest in Plaintiffs listed above.

<u>JURISDICTION & VENUE</u>

7.    This is an action for negligence and promissory estoppel amongst limited liability companies with members from different states concerning more than $75,000, and thus, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

<u>FACTUAL BACKGROUND</u>

A.    **McGriff's Failure to Procure Sufficient Business Interruption Insurance.**

8.    Pop's Sunset Grill operates a large-scale waterfront indoor/outdoor bar and restaurant in Nokomis, Florida, employs hundreds of workers, and serves between 2,000 to 2,500 patrons a day.

9.    McGriff serves as a general insurance broker securing and procuring insurance policies for various parties.

10.    Based on a recommendation, in or around June 2019, Pop's Sunset Grill considered hiring a new insurance broker, namely, McGriff.

11.    Pop's Sunset Grill simply wanted McGriff to advise on other potential insurance options available in the marketplace, including general liability, wind, and flood insurance. Accordingly, representatives of Pop's Sunset Grill met with representatives of McGriff in or around June 2019 to advise on insurance options. During this meeting, Pop's Sunset Grill inquired to McGriff about obtaining wind and flood insurance, including business interruption protection up to $400,000, to protect against hurricanes.

12.    Following up on their initial meeting, in the fall of 2019, McGriff counselled Pop's Sunset Grill that in order to advise on various insurance options, Pop's Sunset Grill would have to recognize McGriff as its exclusive agent of record and provide related notice to its current insurance carriers. McGriff represented that if it could not find adequate insurance alternatives after providing this notice, Pop's Sunset Grill could withdraw the exclusive agent notice.

13.    Based upon McGriff's representations, Pop's Sunset Grill agreed to recognize McGriff as its exclusive agent of record and to send out the requested notices. It was only later that Pop's Sunset Grill discovered that such an exclusive agent notice was required to negotiate coverage with its *current* insurance providers and that such a notice was not necessary with other insurance providers.

4

14.     On or about October 2019, Pop's Sunset Grill requested McGriff to procure a general liability insurance policy, which it did. Accordingly, on or about October 31, 2019, McGriff procured a general liability insurance policy through Great Lakes Insurance SE for Pop's Sunset Grill.

15.     After McGriff procured Pop's Sunset Grill general liability insurance policies, the parties conducted annual meetings a month or two prior to the general liability insurance policy's anniversary date, with the general liability insurance policy (and, later, other insurance policies) renewed each year.

16.     On or about December 1, 2019, McGriff procured a flood insurance policy through Wright National Flood Insurance Company for Pop's Sunset Grill.

17.     On or about December 3, 2019, McGriff procured a wind insurance policy through Citizens Property Insurance Corporation for Pop's Sunset Grill.

18.     In 2020, Pop's Sunset Grill wanted to confirm with McGriff that its flood and wind insurance would properly protect Pop's Sunset Grill.

19.     Specifically, in June 2020, Pop's Sunset Grill sought the advice and counsel of McGriff to properly protect its indoor/outdoor restaurant and bar from a hurricane, including business interruption protection. Pop's Sunset Grill sought to confirm the adequacy of its existing insurance policies after a frustrating experience with its current insurance policies regarding a failed attempt at receiving business interruption to pay for losses due to mandated COVID closures.

20.     On or about June 23, 2020, Pop's Sunset Grill's office administrative manager, Judy Rogers; Stephanie Brown, its General Manager, and Joseph Farrell, its owner; conducted an in-person meeting with Larry Ferguson of McGriff regarding its existing insurance policies. Pop's Sunset Grill took notes of this meeting. *See* **Exhibit A**. Pop's Sunset Grill sought to confirm its insurance policies included business interruption insurance that would protect against hurricane damage, including wind insurance and flood insurance with business interruption protections.

21.     Pop's Sunset Grill inquired about business interruption insurance against hurricane damage that would last for 12 to 18 months. McGriff responded that such a lengthy period for hurricane business interruption insurance would not be offered in the marketplace and/or it would be prohibitively expensive.

22.     Accordingly, Pop's Sunset Grill recalibrated the time length request for hurricane business interruption insurance based upon its prior experience with Hurricane Irma in 2018, during which Pop's Sunset Grill was closed for approximately 13 days, resulting in lost business of approximately $400,000.

23.     McGriff confirmed, based upon Pop's Sunset Grill's original inquiry and meeting in 2019, that McGriff had procured insurance for the bar and restaurant, specifically including wind insurance and flood insurance that included $400,000 in business interruption protection.

24.    McGriff confirmed it had procured this business interruption insurance for Pop's Sunset Grill, but advised that the insurance policy for business interruption for wind and flood would exclude coverage for acts of terrorism.

25.    On or around September 26, 2022, Hurricane Ian was close to making landfall in Florida, which would place Pop's Sunset Grill in its path and endanger its workers and business.

26.    Accordingly, Pop's Sunset Grill closed early on September 26, 2022, so its employees could be safe and to secure and to prepare for the storm.

27.    Thereafter, Hurricane Ian made landfall, devastating Florida, including Pop's Sunset Grill.

28.    After the danger had subsided, Pop's Sunset Grill took assessment of its business. Much of its building structure for the large-scale waterfront indoor/outdoor bar and restaurant in Nokomis, Florida was in shambles: an outdoor Tiki Hut roof, which covered a bar area, was destroyed; storm water runoff flooded its indoor kitchen; the restaurant's giftshop was destroyed and would need to be replaced; and one-third of the south bar's roof was taken off, needing to be replaced.

29.    As a result of the physical damages to Pop's Sunset Grill's bar and restaurant, the business operations were shut down and not generating any revenue to pay employees.

30.     Accordingly, on September 30, 2022, Pop's Sunset Grill's owner, Joseph Farrell, texted his contact Larry Ferguson of McGriff in order to place a claim for the physical damage and for the business interruption. The text stated as follows:

> Call when you can please.
> I need help with understanding the policy with regards to both construction claims and business interruption.
> Also, the base amount that the 5% is based on.
> We had values to the buildings that were pretty accurate….do they need to be reassessed?
> Also, is the amount reimbursed based on replacement?
> As an example, we have to replace the tiki roof (thatch, not structure). Would we be reimbursed for the cost or would it be pro-rated based on the fact that its's 3.5 years old?
> Thx
> Joe

*See* **Exhibit B**.

31.     That same day, September 30, 2022, Larry Ferguson of McGriff called Joseph Farrell, owner of Pop's Sunset Grill, with Joseph Farrell taking the following notes regarding the phone call:

> 9/30/22:
> I received a call from Larry Ferguson to go over the process for me to file claims for damages and business interruption.
> Larry and I went into the detail of all that would be needed for our business interruption claim.
> Those discussions included the following details and strategies:
> 1.  The business interruption claim begins at 3 days from closure. He wasn't sure if we could start the 3 days at closure or at the date of the storm, as we had closed down 36 hours before the storm for storm-prep.

2.  The claim is based on gross revenue lost minus some actual cost of goods, but should be in the 60-70% of gross revenue amounts. These amounts are negotiable so we should have detailed backup of what constitutes our claims.

3.  I informed Larry that we had very detailed records of everyday going back years so that we could give them the average of each day plus the percentage increase based upon 2022 sales volume YTD vs 2021.

*See* Communications with Larry Ferguson, including notes at end of page1, **Exhibit C**.

32.    Based on Joseph Farrell's September 30, 2022 conversation with Larry Ferguson, Joseph Farrell called his business partner, John Tebaldi, on October 1, 2022, informed him of the details of his call with Larry Ferguson, and asked if he could help prepare the materials for the business interruption claim.

33.    In preparation of Pop's Sunset Grill's business interruption claim, John Tebaldi took notes regarding a phone conversation he had Joseph Farrell on October 2, 2022, along with preparing a spreadsheet to support the business interruption damages that he e-mailed to Joseph Farrell, with the notes stating as follows:

Hi Joe,

Below are my notes from our conversation regarding prep work for our business interruption claim.

You called me on Saturday, October 1st and we discussed your call with Larry Ferguson of McGriff where he described the type of detail necessary for our claim.

Based on that information, you asked me to produce our forecasted revenue loss for being closed in a couple of different ways. I then created the attached Google Sheet for us to talk through the best way to present our claim and shared it with you on Sunday, October 2nd.

Please let me know if you need anything else.
Thanks,
John

*See* E-mail sending spreadsheet and subsequent e-mail copying notes attached as **Exhibit D**.

34.     Despite McGriff's initial instruction to Pop's Sunset Grill to prepare materials in support of the business interruption claim, on or about October 6, 2022, McGriff informed Pop's Sunset Grill's that neither the flood nor the wind insurance policies included a business interruption provision. Therefore, Pop's Sunset Grill had no business interruption coverage available in connection with its loss.

35.     Instead, the only business interruption insurance McGriff procured for Pop's Sunset Grill was under it's the general liability insurance policy, which specifically excluded any coverage for flood or wind damage.

36.     In other words, McGriff failed to procure for Pop's Sunset Grill the very type of business interruption insurance that would be covered by a hurricane—the exact type of insurance McGriff confirmed it had already procured for Pop's Sunset Grill at the June 23, 2020 meeting.

37.     As a result of McGriff's failure to procure wind and flood insurance that would include business interruption coverage, Pop's Sunset Grill suffered

10

damages when it was unable to open for business as a result of Hurricane Ian's damage to its property.

38.     Pop's Sunset Grill's bar and restaurant were closed and unable to operate for approximately 18.5 days, resulting in lost revenue in an amount of approximately $400,000.

**B.     McGriff's Failure to Procure Insurance to Protect Damage to Thatch Roof.**

39.     In addition to the failure to obtain suitable business interruption insurance for Pop's Sunset Grill, McGriff failed to procure wind insurance coverage to protect a Tiki Hut thatch roof for Pop's Sunset Grill.

40.     Specifically, in or around 2020, Pop's Sunset Grill constructed an addition to its waterfront indoor/outdoor bar and restaurant of approximately 4,400 square feet, which included a covered dining area and bar that was enclosed on the sides by rolled-up walls. The structure was a 28-foot-tall tiki frame with palm fronds as the roof covering, *i.e.,* the Tiki Hut thatch roof. This addition increased Pop's Sunset Grill's restaurant and bar capacity by approximately 40%.

41.     The replacement cost for this structure was approximately $150,000, or $75,000 each for the framing and palm fronds.

42.     Accordingly, Pop's Sunset Grill requested McGriff to increase its wind insurance coverage by $150,000 for the specific purpose of protecting this

addition, including the Tiki Hut thatch roof, into its wind insurance coverage, which McGriff agreed to procure.

43.    As a result, Pop's Sunset Grill paid higher deductibles for its wind insurance in order to insure the Tiki Hut thatch roof.

44.    Hurricane Ian damaged the Tiki Hut thatch roof. While the mechanical and framework materials were able to be salvaged, the entire thatch roof needed to be replaced for a total of $80,000 in damages borne by Pop's Sunset Grill.

45.    However, when Pop's Sunset Grill sought insurance proceeds regarding this structure in order to repair it, McGriff informed Pop's Sunset Grill that its wind insurance policy did not insure thatch roofs.

46.    In other words, despite increasing Pop's Sunset Grill's insurance deductibles to insure this particular Tiki Hut thatch roof, McGriff procured an insurance policy on Pop's Sunset Grill's behalf that explicitly excluded such coverage.

## C.    McGriff's Misrepresentations to Pop's Sunset Grill Result in Promissory Estoppel.

47.    At all relevant times, McGriff promised Pop's Sunset Grill that it had procured wind insurance and flood insurance that would include business interruption protection up to $400,000.

48.     McGriff should have reasonably expected that Pop's Sunset Grill would reasonably rely upon McGriff' promise that it had procured wind insurance and flood insurance with $400,000 of business interruption protection, which Pop's Sunset Grill did, and which induced Pop's Sunset Grill not to seek other business interruption insurance or other alternatives to protect it against a hurricane.

49.     By virtue of its promises, McGriff is estopped from denying liability for flood insurance and wind insurance with business interruption losses of approximately $400,000 to Pop's Sunset Grill, as injustice can be avoided only be enforcement of McGriff's promise.

50.     In other words, McGriff denied coverage to Pop's Sunset Grill, but Pop's Sunset Grill was previously assured of coverage for flood insurance and wind insurance with $400,000 in business interruption protection by McGriff, and Pop's Sunset Grill sustained the loss before learning that the policy actually issued did not provide coverage for the loss in question.

## COUNT I
## NEGLIGENCE AS TO McGRIFF

51.     Pop's Sunset Grill, re-avers and re-alleges every allegation contained in Paragraphs 1 through 50 as if fully set forth herein and further allege as follows:

52.     At all times material hereto, McGriff owed a duty of care to its policy holders and the beneficiaries of those policies, including Pop's Sunset Grill.

53.    At all times material hereto, McGriff was responsible for providing insurance coverages requested and purchased by its customers, including Pop's Sunset Grill.

54.    At all times material hereto, McGriff breached its duty of care when it failed to procure the requested insurance policies for Pop's Sunset Grill, which would include the following: 1) wind insurance and flood insurance with $400,000 in business interruption protection; and 2) wind insurance coverage that would protect the Tiki Hut thatch roof.

55.    McGriff was negligent in not obtaining the requested insurance coverage for Pop's Sunset Grill. Had McGriff obtained the requested insurance coverage for Pop's Sunset Grill, Plaintiff would have had the necessary business interruption coverage available to cover some or all of its losses in connection with Hurricane Ian. In addition, Pop's Sunset Grill would have had insurance coverage to replace the Tiki Hut thatch roof.

56.    As a direct and proximate result of the acts on the part of McGriff, Pop's Sunset Grill was injured when Hurricane Ian destroyed its property and the bar and restaurant were inoperable and closed for approximately 18.5 days, resulting in lost revenue in an amount of approximately $400,000.

57.    As a direct and proximate result of the acts on the part of McGriff, Pop's Sunset Grill was injured when Hurricane Ian destroyed its property including the Tiki Hut thatch roof, resulting in damages of approximately $80,000.

**WHEREFORE**, Plaintiff DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL and POP'S CIRCUIT, LLC hereby demands judgment against Defendant McGRIFF INSURANCE SERVICES, LLC, a North Carolina Limited Liability Company f/k/a McGRIFF INSURANCE SERVICES, INC., a North Carolina Profit Corporation in an amount of approximately $480,000, together with any post judgment interest, attorney fees, costs, and all other relief available under the law.

<u>COUNT II</u>
<u>PROMISSORY ESTOPPEL AS TO McGRIFF</u>

58.    Pop's Sunset Grill, re-avers and re-alleges every allegation contained in Paragraphs 1 through 50 as if fully set forth herein and further allege as follows:

59.    At all relevant times, McGriff promised Pop's Sunset Grill that it had procured wind insurance and flood insurance that would include business interruption protection up to $400,000.

60.    McGriff should have reasonably expected that Pop's Sunset Grill would reasonably rely upon McGriff' promise that it had procured wind insurance and flood insurance with $400,000 of business interruption protection, which Pop's Sunset Grill did, and which induced Pop's Sunset Grill not to seek other

business interruption insurance or other alternatives to protect it against a hurricane.

61.    McGriff is estopped from denying liability for flood insurance and wind insurance with business interruption losses of approximately $400,000 to Pop's Sunset Grill, as injustice can be avoided only be enforcement of McGriff's promise.

62.    In other words, McGriff denied coverage to Pop's Sunset Grill, but Pop's Sunset Grill was previously assured of coverage for flood insurance and wind insurance with $400,000 in business interruption protection by McGriff, and Pop's Sunset Grill sustained the loss before learning that the policy actually issued did not provide coverage for the loss in question.

**WHEREFORE**, Plaintiff DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL and POP'S CIRCUIT, LLC hereby demands judgment against Defendant McGRIFF INSURANCE SERVICES, LLC, a North Carolina Limited Liability Company f/k/a McGRIFF INSURANCE SERVICES, INC., a North Carolina Profit Corporation in an amount of approximately $400,000, together with any post judgment interest, attorney fees, costs, and all other relief available under the law.

## DEMAND FOR JURY TRIAL

Plaintiff DRIFTAGE, LLC d/b/a POP'S SUNSET GRILL & POP'S CIRCUIT, LLC, hereby demands trial by jury for all issues so triable.

DATED this 13th day of July 2023.

Respectfully submitted,

/s/ James L. Wideikis
James L. Wideikis
Illinois ARDC# 6278707
(Admission Pro Hac Vice)
Shawn M. Staples
Illinois ARDC# 6293863
(Admission Pro Hac Vice)
Costello, Ginex & Wideikis, P.C.
150 N. Wacker Dr., Suite 1400
Chicago, IL 60606
Phone: (312) 850-2651
Fax: (312) 893-7395
Email: jwideikiks@cgw-legal.com
Email: sstaples@cgw-legal.com
Lead Counsel for Plaintiffs

/s/ Erik Johanson
Erik Johanson, Esq.
Florida Bar No. 106417
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
ERIK JOHANSON PLLC
3414 W. Bay to Bay Blvd
Suite  300
Tampa, FL 33629
Tel:  (813) 210-9442
erik@johanson.law
jr@johanson.law
ecf@johanson.law
Local Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was served by the Court's CM/ECF electronic mail system on July 13, 2023 to all parties who receive electronic service in the ordinary course of business.

*/s/ Erik Johanson*
Erik Johanson